IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| REGINALD FARLEY, ) | |
| PLAINTIFF, ) | CASE NO.: |
| V. ) | |
| DANIEL RP MANAGEMENT LLC, ) | PLAINTIFF DEMANDS TRIAL |
| DEFENDANT(S). ) | BY STRUCK JURY |
| ) | |

**COMPLAINT**

COMES NOW, the Plaintiff, Reginal Farley, (hereinafter "Mr. Farley"), by and through the undersigned counsel, files this, his Complaint and shows upon the Court as follows.

## JURISDICTION

1. This action for injunctive relief and damages is brought under 28 U.S.C. §§ 1331, 1343(4), 2201, and 2202. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights caused by the Defendant.

2. This suit is authorized and instituted under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, et seq. (Title VII).

3. This suit is authorized and instituted under 42 U.S.C. § 1981. This is a suit authorized and instituted under "Section 1981."

4. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A). Plaintiff further sued within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

**PARTIES**

5. Plaintiff, Reginald Farley, ("Plaintiff" or "Mr. Farley"), is a resident of Eatonton, Georgia, and performed work for the Defendant in the counties composing the Middle District of Georgia during the events of this case. Thus, under 28 U.S.C. § 1391(b), venue for this action lies in this Division.

6. Defendant, Daniel RP Management LLC ("Defendant"), is a company registered and doing business in the State of Georgia and has sufficient minimum contacts with the State of Georgia such that it is subject to service of process in Georgia.

7. Defendant employed at least fifteen (15) people during the current or preceding calendar year.

8. Defendant employed more than one hundred (100) employees during the current or preceding calendar year.

9. Defendant Company's gross annual revenue exceeds $500,000.

## FACTS

10. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

11. Mr. Farley is a person of African ancestry, a "race" colloquially referred to as "Black."

12. Mr. Farley began working for Defendant on or about April 22, 2021, reporting to Richland Point Marina as a Lead Forklift Operator.

13. Richland Point Marina was consistently busy, and Mr. Farley performed his job duties satisfactorily at all times.

14. On or about February 20, 2025, Manager Massey Ellis ("Ellis") told Mr. Farley that he could leave early because it was his birthday.

15. As Mr. Farley was leaving, Devan Walters, a White male, struck Mr. Farley on the buttocks.

16. As Mr. Farley turned to correct him, Director Bryan Baker, a White male, grabbed Mr. Farley's buttocks.

17. Mr. Farley immediately elbowed Bryan and asked what his problem was.

18. Immediately thereafter, Ellis stated, "I might as well get me some of it too," and proceeded to grab Mr. Farley's shoulders, spin him around, and strike him on the buttocks.

19. Mr. Farley immediately felt violated but remained professional because he feared that Defendant would terminate his employment.

20. In March 2025, Mr. Farley reported the incident to Director of Human Resources Beth Pound ("Beth"), a White woman, and informed her that he felt sexually harassed.

21. In response, Beth asked Mr. Farley what he was "trying to get out of this."

22. A few days later, Beth told Mr. Farley that she had reviewed the video of the incident and that it did not show Bryan or Ellis striking Mr. Farley's buttocks, only Devan.

23. Defendant did not discipline Devan, Bryan, or Ellis.

24. After Mr. Farley reported the harassment, he was still required to report directly to Ellis.

25. Ellis began to claim that Mr. Farley had "a lot of disciplinary issues," even though Mr. Farley had never received a single write-up.

26. Ellis and Bryan began to nitpick and critique Mr. Farley's performance in retaliation for his complaint.

27. On or about May 6, 2025, Ellis sent Plaintiff a text message stating, "I hope you ain't got it smelling like trees in there, roll the window," a statement referencing marijuana.

28. The next morning, Mr. Farley texted Ellis to inform him that he could not come in because he had burned his back while working at home.

29. Ellis responded that he and Bryan would call Mr. Farley shortly and that they would complete an incident report, requiring Mr. Farley to sign papers even though the incident had occurred at home.

30. On or about May 7, 2025, Ellis directed Mr. Farley to report to HR immediately.

31. When Mr. Farley arrived, HR representative Chrissie Gardner instructed him to take a drug test.

32. This demand stemmed from Mr. Farley's at-home injury, not workplace conduct.

33. Mr. Farley complied and passed the drug test.

34. On or about May 9, 2025, Mr. Farley asked Beth why he had been required to take a drug test. He informed her that the test was retaliation for reporting sexual harassment in March.

35. That same day, Ellis and Bryan met Mr. Farley in Beth's office. Ellis told Mr. Farley that he was "upset" because he had been required to take a drug test.

36. On or about May 9, 2025, Mr. Farley filed a police report with the Greene County Sheriff's Department.

37. On the same day, the Sheriff's Department questioned Beth, who told them she had already investigated and that Mr. Farley was satisfied.

38. Nonetheless, Investigator Smith and Sergeant Moore reviewed the marina video, which confirmed that all three men, Devan, Bryan, and Ellis, had touched Mr. Farley.

39. Ellis admitted to investigators that they had all smacked Mr. Farley on the buttocks.

40. Despite this confirmation, Defendant told Mr. Farley to take the rest of the week off and then reassigned him from Richland Point Marina to Great Water Marina, a less busy marina.

41. Mr. Farley understood this transfer, though it did not reduce his pay, to be an attempt to push him out of the company.

42. Mr. Farley was thereafter supervised by Manager Tommy Stallnacker, a White male, who reported to Bryan.

43. Defendant's retaliatory conduct continued, including further drug test threats, accusations of misconduct, and disparaging comments from upper management.

44. On or about July 3, 2025, Vice President of HR Kristy Steverson told Mr. Farley to stop having "hissy fits" and falsely accused him of having a gun in his car.

45. Mr. Farley denied this and told her that the Sheriff's Department could search his vehicle if Defendant desired. Kristy refused, and no search was conducted.

46. On or about July 7, 2025, Tommy threatened to write Mr. Farley up for leaving early for a doctor's appointment despite prior notice.

47. Tommy also told Mr. Farley, that he thought it was best that he transfers to another department because Bryan is his boss.

48. On or about July 8, 2025, an employee told Mr. Farley that Tommy had warned others to "stay away" from him because "we think he is going to sue the company."

49. Because of Defendant's repeated harassment, retaliation, and intolerable working conditions, Plaintiff was forced to resign on or about July 15, 2025.

## COUNT I: TITLE VII RACE DISCRIMINATION

50. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

51. Plaintiff is a person of African ancestry, a "race" colloquially referred to as "Black."

52. Plaintiff was qualified for the position of Lead Forklift Operator.

53. Defendant subjected Plaintiff to adverse employment actions, including fabricated disciplinary actions, false accusations, harassment, and constructive discharge.

54. Non-Black employees engaged in the same or similar conduct but remained employed.

55. Plaintiff's race was a motivating factor in Defendant's decision to treat him adversely and force him from employment.

56. Defendant's actions in subjecting Plaintiff to disparate treatment violated Title VII.

57. Because of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

**COUNT II: 42 U.S.C. § 1981 RACE DISCRIMINATION**

58. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

59. Plaintiff is a person of African ancestry, a "race" colloquially referred to as "Black."

60. Plaintiff was qualified for the position of Lead Forklift Operator.

61. Defendant terminated Plaintiff's employment in whole or in part because of his race.

62. Defendant's actions in subjecting Plaintiff to disparate treatment violated 42 U.S.C. § 1981.

63. Because of Defendant's violation of 42 U.S.C. § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## COUNT III – TITLE VII SEX DISCRIMINATION

64. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

65. Plaintiff was qualified for the position of Lead Forklift Operator.

66. Plaintiff was subjected to unwanted sexual touching by multiple supervisors and co-workers, including Director Bryan Baker and Manager Massey Ellis.

67. Plaintiff reported the harassment to Defendant's HR department, but Defendant failed to investigate properly and refused to discipline the perpetrators.

68. Defendant instead retaliated against Plaintiff for making a complaint.

69. Defendant's actions constitute unlawful sex discrimination and sexual harassment under Title VII.

70. Because of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## COUNT IV: TITLE VII – HOSTILE WORK ENVIRONMENT

71. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

72. Plaintiff was subjected to unwelcome conduct based on race and sex, including sexual harassment, false accusations, fabricated disciplinary threats, and retaliatory actions.

73. The harassment and retaliation were severe and pervasive enough to alter the conditions of Plaintiff's employment and create a hostile work environment.

74. Plaintiff repeatedly reported the harassment and retaliation, but Defendant failed to take corrective action.

75. Defendant's actions violated Title VII by subjecting Plaintiff to a hostile work environment.

76. Because of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

**COUNT V: 42 U.S.C. § 1981 – HOSTILE WORK ENVIRONMENT**

77. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

78. Plaintiff was subjected to unwelcome conduct based on his race, including harassment, disparate treatment, and retaliatory actions.

79. The harassment and retaliation were severe and pervasive enough to alter the terms and conditions of Plaintiff's employment and create a hostile work environment.

80. Defendant's actions violated 42 U.S.C. § 1981 by subjecting Plaintiff to a hostile work environment.

81. Because of Defendant's violation of 42 U.S.C. § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## COUNT VI: TITLE VII – RETALIATION

82. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

83. Plaintiff engaged in protected activity when he reported sexual harassment and discrimination to HR and law enforcement.

84. Defendant retaliated against Plaintiff by fabricating disciplinary issues, forcing him to undergo unwarranted drug tests, transferring him to a less favorable assignment, subjecting him to harassment, and ultimately constructively discharging him.

85. But for Plaintiff's protected activity, Defendant would have retained him in his position.

86. Defendant's actions violated Title VII by retaliating against Plaintiff for engaging in protected activity.

87. Because of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

### COUNT VII: 42 U.S.C. § 1981 – RETALIATION

88. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

89. Plaintiff engaged in protected activity when he reported race discrimination and harassment.

90. Defendant retaliated against Plaintiff by fabricating disciplinary issues, forcing him to undergo unwarranted drug tests, transferring him to a less favorable assignment, subjecting him to harassment, and ultimately constructively discharging him.

91. Defendant's decision to terminate Plaintiff's employment was made, in whole or in part, because of his protected activity.

92. Defendant's actions violated 42 U.S.C. § 1981 by retaliating against Plaintiff for engaging in protected activity.

93. Because of Defendant's violation of 42 U.S.C. § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of Title VII of the Civil Rights Act of 1964;

B. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of Section 1981;

C. Award back pay, with employment benefits, front pay, liquidated damages; compensatory damages, special damages; punitive damages nominal damages;

D. Attorneys' fees and costs;

E. Plaintiff requests that the Court award Plaintiff equitable relief as provided by law; and,

F. Any different or additional relief as determined by the Court to which Plaintiff is entitled.

**JURY TRIAL DEMANDED**

*/s/ Kira Fonteneau*
Kira Fonteneau
Georgia Bar No GA 103355

**OF COUNSEL:**

The Workers' Firm LLC
2 20th St. North Suite 900
Birmingham, AL 35203
T: 205.564.9005 F: 205.564.9006
kira@theworkersfirm.com

/s/ Porcha Anthony Davis
Porcha Anthony Davis[1]
ASB 1914P47D

The Workers' Firm LLC
2 20th St. North Suite 900
Birmingham, AL 35203
T: 205.564.9005 F: 205.564.9006
porcha@theworkersfirm.com

*Attorneys for Plaintiff*

**PLEASE SERVE DEFENDANT AS FOLLOWS**

Daniel RP Management LLC

C/o National Registered Agents, Inc.

289 S. Culver Street

Lawrenceville, GA 30046-4805

---

[1] Application for Pro Hac Vice will be forthcoming with the court.